Ex parte Maldonado, Petitioner.

No. 5052. Argued April 10, 1930.—Decided November 20, 1931.

*Felipe Colón Díaz* for petitioner. *Herminia Tormes* for respondent.

Mr. Justice Hutchison delivered the opinion of the Court.

Pedro Maldonado obtained a divorce and remarried. The defendant did not appear in the suit for divorce, and the district judge awarded the custody of the children to plaintiff. By agreement between the parties, however, two of the children remained with the mother. Later, two others left the father and returned to the mother. After the father's failure to respond to repeated appeals for some contribution toward the support of these children, the mother filed a complaint against him under section 264 of the Penal Code. The father then applied for a writ of habeas corpus, and the district judge, after a hearing, discharged the writ.

The two older children were sixteen and fifteen years of age, respectively, at the time of the trial, and some two years had elapsed since the date of their return to their mother. They testified in detail to the father's harsh treatment of them and expressed a desire to remain in the custody of their mother.

The two younger children were six and seven years old at the time of the trial, some six years after the granting of the divorce. During all of this time the father had shown no interest whatever in them, and the district court was fully justified in its conclusion that the application for a writ of habeas corpus was the direct result of the filing of a complaint by the mother. The district judge also found that

the father, as shown by his cruel treatment of the two older children, was not a suitable person to have the custody of them, and held that to commit the two younger children to the care of such a father would be an injustice. The conclusion reached by the district judge. that the welfare of the four children in question demanded that they be left in the custody of their mother does not rest upon the testimony of the two older children alone but finds ample support in other evidence adduced at the trial.

The district judge did not err in holding that the *patria potestas* and the right of the father under the decree of divorce were alike subordinate to the sound discretion of the court in the exercise of its power as *parens patriae*. *Chabert* v. *Sánchez*, 29 P.R.R. 225; *Babá* v. *Rodríguez*, 36 P.R.R. 453; *Blanco* v. *Hernández*, 32 P.R.R. 20. There was no abuse of discretion in the instant case.

The judgment appealed from must be affirmed.

Mr. Justice Aldrey dissented.